UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| MARC WATERMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. _____ |
| v.     ) | |
| ) | JURY TRIAL DEMANDED |
| DSP GROUP, INC., KENNETH H. TRAUB, ) | |
| OFER ELYAKIM, TOM LACEY, ) | |
| CYNTHIA PAUL, YAIR SEROUSSI, ) | |
| NORM P. TAFFE, and SHIRA FAYANS ) | |
| BIRENBAUM, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon

personal knowledge with respect to himself, and upon information and belief based upon, *inter*

*alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1.      This action stems from a proposed transaction announced on August 30, 2021 (the

"Proposed Transaction"), pursuant to which DSP Group, Inc. ("DSP" or the "Company") will be

acquired by Synaptics Incorporation ("Synaptics") and Osprey Merger Sub, Inc ("Merger Sub").

2.      On August 30, 2021, DSP's Board of Directors (the "Board" or "Individual

Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger

Agreement") with Synaptics and Merger Sub.  Pursuant to the terms of the Merger Agreement,

DPS's stockholders will receive $22.00 in cash for each share of DSP common stock they own.

3.      On October 13, 2021, defendants filed a proxy statement (the "Proxy Statement")

with the United States Securities and Exchange Commission (the "SEC") in connection with the

Proposed Transaction.

4.      The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading.  Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6.      This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8.      Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of DSP common stock.

9.      Defendant DSP is a Delaware corporation and a party to the Merger Agreement. DSP's common stock is traded on the NASDAQ under the ticker symbol "DSPG."

10.      Defendant Kenneth H. Traub is Chairman of the Board of the Company.

11.      Defendant Ofer Elyakim is Chief Executive Officer and a director of the Company.

12.      Defendant Tom Lacey is a director of the Company.

13.      Defendant Cynthia Paul is a director of the Company.

14.     Defendant Yair Seroussi is a director of the Company.

15.     Defendant Norm P. Taffe is a director of the Company.

16.     Defendant Shira Fayans Birenbaum is a director of the Company

17.     The defendants identified in paragraphs 10 through 16 are collectively referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

### Background of the Company and the Proposed Transaction

18.     DSP is a global leader in wireless chipsets for a wide range of smart-enabled devices.

19.     On August 30, 2021, DSP's Board caused the Company to enter into the Merger Agreement.

20.     Pursuant to the terms of the Merger Agreement, DSP's stockholders will receive $22.00 in cash per share.

21.     According to the press release announcing the Proposed Transaction:

Synaptics Incorporated (Nasdaq: SYNA) and DSP Group, Inc. (Nasdaq: DSPG) today announced the signing of a definitive agreement, unanimously approved by the boards of directors of both companies, whereby Synaptics acquires DSP Group, a leading global provider of voice and wireless chipset solutions for converged communications, at $22.00 per share in an all-cash transaction. The combination is anticipated to generate annual run rate synergies of $30 million for the new entity to be realized within 12 months of closing and is immediately accretive to Synaptics' non-GAAP earnings. The transaction is expected to be financed through a combination of cash on hand and a fully committed, incremental debt financing arrangement with a projected close by the end of calendar year 2021, subject to DSP Group shareholder approval and customary closing conditions. . . .

Advisors

Goodwin Procter LLP is serving as legal counsel and Barclays is providing committed financing to Synaptics. Goldman Sachs & Co. LLC is serving as financial advisor and Morrison & Foerster LLP is serving as legal counsel to DSP Group.

*The Proxy Statement Omits Material Information, Rendering It False and Misleading*

22.      Defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

23.      As set forth below, the Proxy Statement omits material information.

24.      First, the Proxy Statement omits material information regarding the Company's financial projections.

25.      With respect to the Company's financial projections, the Proxy Statement fails to disclose: (i) all line items used to calculate the financial projections; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

26.      The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

27.      Second, the Proxy Statement omits material information regarding the analyses performed by the Company's financial advisor, Goldman, Sachs & Co. LLC ("Goldman Sachs").

28.      With respect to Goldman Sachs' Illustrative Discounted Cash Flow Analysis, the Proxy Statement fails to disclose: (i) the terminal values; (ii) the individual inputs and assumptions underlying the discount rates and perpetuity growth rates; and (iii) the net cash used in the analysis.

29.      With respect to Goldman Sachs' Illustrative Present Value of Future Share Price Analysis, the Proxy Statement fails to disclose: (i) the individual inputs and assumptions underlying the discount rate; (ii) Goldman Sachs' basis for selecting the multiples used in the analysis; and (iii) the net cash used in the analysis.

30.     With respect to Goldman Sachs's Selected Companies Analysis, the Proxy Statement fails to disclose the individual multiples and metrics for the companies.

31.     When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

32.     Third, the Proxy Statement fails to disclose whether the Company entered into any non-disclosure agreements that contained don't ask, don't waive provisions.

33.     The omission of the above-referenced material information renders the Proxy Statement false and misleading.

34.     The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and DSP**

35.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

36.     The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading.  DSP is liable as the issuer of these statements.

37.     The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

38.     The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

39.     The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

40.     The Proxy Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

41.     By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

42.     Because of the false and misleading statements in the Proxy Statement, plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants

43.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

44.     The Individual Defendants acted as controlling persons of DSP within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or directors of DSP and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

6

45.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

46.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Proxy Statement.

47.     By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

48.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.      Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.      Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.      Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: October 25, 2021                    **RIGRODSKY LAW, P.A.**

                                           By:  _/s/ Gina M. Serra_
                                                Seth D. Rigrodsky (#3147)
                                                Gina M. Serra (#5387)
                                                Herbert W. Mondros (#3308)
                                                300 Delaware Avenue, Suite 1220
                                                Wilmington, DE 19801
                                                Telephone: (302) 295-5310
                                                Facsimile: (302) 654-7530
                                                Email: sdr@rl-legal.com
                                                Email: gms@rl-legal.com
                                                Email: hwm@rl-legal.com

                                                *Attorneys for Plaintiff*